COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:       April Small, Individually and on Behalf of Her Minor Child, E.C. v. Mario Garcia

Appellate case number:    01-20-00640-CV

Trial court case number:  2017-03838A

Trial court:                      157th District Court of Harris County

In the original cause number, 2017-03838, Appellant April Small, individually and on behalf of her minor child, E.C., sued various defendants, including Appellee Mario Garcia, for injuries sustained by her child from a dog bite. Garcia did not timely file an answer to Small's petition. On May 11, 2017, the trial court entered an interlocutory default judgment on liability in Small's favor. On this same date, Garcia learned about this lawsuit and immediately filed an answer and a motion to set aside the judgment. The following day, the trial court overruled the motion and signed a default judgment awarding $930,000 and post-judgment interest to Small.

Garcia filed a bill of review, in cause number 2018–22535, alleging that he had never received notice of the underlying suit or been served with process. Garcia then moved for traditional summary judgment and no-evidence summary judgment in the bill-of-review proceeding and argued that the default judgment against him was void because he was not served with process. On August 3, 2018, the trial court granted Garcia's summary judgment motions, set aside the default judgment in the underlying case, and ordered all issues in the underlying action to be tried in the original cause number 2017-03838. *See Small v. Garcia*, No. 01-18-00710-CV, 2019 WL 3293694 (Tex. App.—Houston [1st Dist.] July 23, 2019, no pet.) (setting forth above facts and dismissing Small's original appeal from trial court's rendition of summary judgment in favor of Garcia in bill-of-review proceeding for lack of jurisdiction because order was not final and appealable where underlying merits of case had not yet been disposed of).

On March 13, 2020, Garcia moved for summary judgment on the liability issues in the underlying dog bite case, cause number 2017-03838. The trial court granted summary judgment in favor of Garcia on all of Small's liability claims on April 8, 2020. The trial court signed an order of severance on July 14, 2020, to separate Small's claims against Garcia from the claims against the other defendants and to allow the summary judgment in favor of Garcia to become a final, appealable judgment. The cause number of the severed case is 2017-03838A, the case from which this appeal is taken. In her notice of appeal, Small purported to appeal from the trial court's August

3, 2018 order granting summary judgment in favor of Garcia on his bill of review. Thus, in this appeal, Small challenges the trial court's summary judgment in favor of Garcia in the bill of review proceeding, not the summary judgment on the liability issues.

On October 20, 2020, the clerk's record in 2017-03838A was filed and contained the following documents: (1) Small's original petition; (2) Garcia's original answer; (3) Garcia's motion for summary judgment on liability issues; (4) orders granting Garcia's motion for summary on liability issues; (5) August 19, 2020 order severing Small's claims against Garcia into separate cause number (2017-03838A) and making the summary judgment order on liability issues a final judgment; (6) trial court's inquiry screen; (7) trial court's docket sheet; (8) notice of appeal; (9) certificate indicating that the clerk's record was prepared on September 15, 2020; and (10) bill of costs. None of the documents from Garcia's bill of review proceeding, including the summary judgment order appealed from, are included in the clerk's record.

Small filed a request to supplement the clerk's record with the district court clerk on November 9, 2020. In that request, which was also filed with this Court, Small requested that the district court clerk supplement the clerk's record with documents ordered to be included in the severed cause number, 2017-03838A, as directed by order dated September 16, 2020, entered in the original cause number, 2017-03838. In this letter Small does not specifically identify the documents to be included in the supplemental clerk's record, but notes that they are listed in the trial court's September 16th order. A supplemental clerk's record was not filed.

On December 16, 2020, Small filed her appellant's brief and attached a number of documents in an appendix to her brief, including relevant documents from the bill of review proceeding. The documents included in the appendix to Small's appellant's brief, and relied on by Small in her arguments on appeal, are not included in the clerk's record.[1]

Any party, or this Court, may request supplementation of the clerk's record for "a relevant item [that] has been omitted from the clerk's record." TEX. R. APP. P. 34.5(c)(1). However, the district court clerk is not responsible for filing the clerk's record, or supplemental clerk's record, until "the party responsible for paying for the preparation of the clerk's record has paid the clerk's fee, has made satisfactory arrangements with the clerk to pay the fee, or is entitled to appeal without paying the fee."[2] TEX. R. APP. P. 35.3(a)(2).

**Accordingly, within 14 days of the date of this order, we direct the district court clerk to file a supplemental clerk's record containing the documents requested in Small's November 9, 2020 letter,** including but not limited to:

1. Garcia's Original Petition for Bill of Review;
2. Small's Original Answer to Garcia's Petition for Bill of Review;

---

[1]     It appears that Small attempted to file a supplemental clerk's record on March 7, 2022. However, the purported supplemental clerk's record only consists of the original clerk's record that was prepared in September 2020 and filed with this court in October 2020. No additional documents, apart from those contained in the original clerk's record, have been filed with this Court.

[2]     From our review of the appellate record, it does not appear that Small is entitled to proceed without payment of costs. *See* TEX. R. APP. P. 20.

3. Garcia's Motion (and Amended Motion) for Summary Judgment on his Bill of Review;
4. Small's Response to Garcia's Motion for Summary Judgment on his Bill of Review;
5. Garcia's Objection and Reply to Small's Response to Garcia's Motion for Summary Judgment on his Bill of Review; and
6. August 3, 2018 Order Granting Summary Judgment on Garcia's Bill of Review.

**Alternatively, within 14 days of the date of this order, we direct the district court clerk to notify us in writing as to why the supplemental clerk's record has not been prepared.** *See, e.g.*, TEX. R. APP. P. 35.3(a)(2) (district court clerk is not responsible for filing clerk's record, or supplemental clerk's record, until "the party responsible for paying for the preparation of the clerk's record has paid the clerk's fee [or] has made satisfactory arrangements with the clerk to pay the fee").

It is so **ORDERED**.


Judge's signature: /s/ Amparo Guerra_____
                              Acting individually


Date:  March 15, 2022_____